In the Matter of the Application of the BOARD OF SUPERVISORS OF WESTCHESTER COUNTY, Respondent, to Acquire by the Appointment of Commissioners of Appraisal Certain Lands for Right of Way Purposes Required in the Construction of the Mt. Kisco-Bedford County Highway No. 51, Westchester County, and the Peekskill-Salem Center Part 4 County Highway by the State Department of Public Works, Division of Highways. JOSEPH CLARK BALDWIN, Appellant.— Order confirming report of commissioners of appraisal and awarding to claimant

the sum of $26,587.50, with interest, costs and allowances, affirmed, with costs. The award made was a liberal one and was sufficient to cover all the land taken. Lazansky, P. J., Scudder and Tompkins, JJ., concur; Hagarty and Davis, JJ., dissent and vote to reverse the order of confirmation, to set aside the report and to refer the matter to other commissioners to be appointed on application, with the following memorandum: We are of opinion that the award is generally inadequate and that the conclusion reached by the commissioners was due, in part, to their failure to take into consideration, in valuing the land before taking, many of the improvements, including landscaping, etc., and if these items are to be deemed as included in improvement value, the inadequacy of the valuation in that respect is accentuated. It was error for the commissioners to ignore entirely the element of cost of the improvements, which should have been taken into consideration. (*People ex rel. Ward* v. *Sutton*, 186 App. Div. 550, 554.) Error was also committed in failing to award consequential damage for improvements, although allowing such consequential damage to the land so improved. Although not physically harmed by the taking, the value of the improvements for the purposes of sale has undoubtedly been reduced with the lessening of scope of privacy and enjoyment of the area of land, on which theory the commissioners awarded consequential damage for the remaining land itself. It was also error to find that no special damage ensued by reason of the narrowing of a portion of the property along the westerly line of the taking on the ground that this narrow portion afforded a means of communication at grade. No such communication was available, and the proof shows that the parcel is not at grade with the right of way.